UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Kendra M. Balsley,

    Plaintiff,

    v.

Commissioner of Social Security,

    Defendant.

Case No. 2:20-cv-5620

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

Magistrate Judge Jolson, to whom this case was referred, issued a Report and Recommendation ("R&R") recommending the Court overrule Kendra M. Balsley's ("Plaintiff") Statement of Specific Errors and affirm the Commissioner of Social Security's ("Commissioner") decision denying Plaintiff's applications for Disability Insurance Benefits and Supplemental Security Income. R&R, ECF No. 18. Plaintiff has timely objected. Obj., ECF No. 19. For the following reasons, the Court **OVERRULES** Plaintiff's objections.

### I.    STANDARD OF REVIEW

Because the R&R was issued pursuant to Federal Rule of Civil Procedure 72(b), the Undersigned must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The Undersigned may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. *Id.*

## II. ANALYSIS

Plaintiff argued in her Statement of Specific Errors that the administrative law judge ("ALJ") failed to identify Plaintiff's narcolepsy as a medically determinable impairment (either severe or non-severe) and, as such, failed altogether to consider the narcolepsy as part of the Residual Functional Capacity ("RFC") analysis. *See generally*, Stmt. Specific Errors, ECF No. 13.

The Magistrate Judge concluded that, although the ALJ did not explicitly label Plaintiff's narcolepsy as a severe medically determinable impairment, a non-severe medically determinable impairment, or a non-medically determinable impairment, the ALJ did consider Plaintiff's narcolepsy when conducting his RFC analysis. R&R 7, ECF No. 18. Thus, the Magistrate Judge concluded, Plaintiff failed to demonstrate any reversible error. *Id.* at 8–9.

On objection, Plaintiff argues that an ALJ has no legal duty to consider non-medically determinable impairments when conducting an RFC analysis. Obj. 3–4, ECF No. 19. She further argues that the ALJ did not label her narcolepsy as a medically determinable impairment; thus, the ALJ must not have considered the narcolepsy when conducting his RFC analysis. *Id.* She asserts that the ALJ's mere reference to Plaintiff's narcolepsy throughout his decision does not show that he considered it when conducting the RFC analysis. *Id.* at 4.

On *de novo* review, Plaintiff's objection is overruled. Plaintiff's objection is premised on fallacious logic: that because an ALJ is not legally *required* to consider non-medically determinable impairments in an RFC analysis, an ALJ

*necessarily* does not consider them in such analyses. In addition to her logic being faulty, her argument is simply incorrect in this case. The ALJ's decision demonstrates that he considered Plaintiff's narcolepsy as an impairment when conducting Plaintiff's RFC analysis. *See* ALJ Decision at 4–5 (discussing whether Plaintiff's mental "impairments," including narcolepsy, meet or medically equal a listing); *id.* at 6–8 (thoroughly discussing the limitations caused by Plaintiff's narcolepsy in the RFC analysis). Accordingly, Plaintiff has failed to show any reversible error. *See Smith v. Comm'r of Soc. Sec.*, No. 2:20-cv-1511, 2021 WL 972444, *R&R adopted* 2021 WL 1516173 ("[R]egardless of whether the ALJ explicitly designated her neuropathy as a medically determinable . . . impairment, the ALJ considered these impairments when assessing the medical evidence and deciding how her impairments impacted her ability to work. Plaintiff has failed to show reversible error as a result." (citation omitted)).

## I. CONCLUSION

For the above reasons, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the R&R, **OVERRULES** Plaintiff's Statement of Specific Errors, and **AFFIRMS** the Commissioner's decision. The Clerk shall enter judgment for Defendant and terminate this case.

**IT IS SO ORDERED.**

                                      */s/ Michael H. Watson*
                                      **MICHAEL H. WATSON, JUDGE**
                                      **UNITED STATES DISTRICT COURT**